THOMPSON, JUDGE, DISSENTING:
Respectfully, I dissent. I would affirm the trial court.
As their biological mother, Caudill has "a fundamental, basic, and constitutional right to raise, care for, and control" her children. Mullins v. Picklesimer , 317 S.W.3d 569, 578 (Ky. 2010). Regardless of his emotional bonding with the children, Fry, as a stepparent, does not enjoy that same right and, generally, has no standing to seek custody or visitation. However, under Kentucky law, standing may be conferred by statute or case law.
Kentucky Revised Statutes (KRS) 403.270"permits someone who has acted as a child's primary caregiver to be deemed the de facto custodian of the child, thereby allowing him to stand on an equal footing with the child's biological parents in matters such as custody determinations." Boone v. Ballinger , 228 S.W.3d 1, 7 (Ky. App. 2007). I agree with the majority that the evidence does not support de facto standing.
By case law, a non-parent can have standing if the biological parent is unfit or waived his or her superior right to raise, care for, and control his or her children. Id. at 10. There is no evidence that Caudill is unfit, so the only issue is whether she waived her superior right.
In Greathouse v. Shreve , 891 S.W.2d 387 (Ky. 1995), the Court extensively addressed the issue of the waiver of a parent's superior right to raise, care for, and control his or her child when challenged by a non-parent. It began by reciting the common definition of a legal waiver. It requires proof of a "knowing and voluntary surrender or relinquishment of a known right." Id. at 391. The Court then held:
Because this is a right with both constitutional and statutory underpinnings, proof of waiver must be clear and convincing. As such, while no formal or written waiver is required, statements and supporting circumstances must be equivalent to an express waiver to meet the burden of proof.
Id. at 391. The clear and convincing standard "requires the party with the burden of proof to produce evidence substantially more persuasive than a preponderance of *874 evidence, but not beyond a reasonable doubt." Fitch v. Burns , 782 S.W.2d 618, 622 (Ky. 1989).
The trial court expressly found that Caudill did not waive her superior right to raise, care for, and control her children. In fact, there was no evidence that Caudill knowingly and voluntarily waived her superior right. The evidence focused only on Fry's relationship with the children during the marriage, which if Fry's testimony is credible, created an emotional bond. While that evidence may go to the best interest of the children, before the best interest of the children became the relevant standard, the trial court was required to find that Caudill intentionally or voluntarily relinquished her superior right as the children's biological mother. Greathouse , 891 S.W.2d at 390. Given the lack of clear and convincing evidence of waiver, the trial court did not abuse its discretion.
I respectfully submit the majority's opinion ignores the waiver issue and, instead, applies a best interest standard to the issue of standing. This is clearly contrary to the law. In other words, the issue of standing does not depend on the "effect the parties have on the children" as stated by the majority but depends exclusively on whether Caudill knowingly and voluntarily relinquished her parental rights so that Fry has standing to seek visitation against her wishes. Even if evidence regarding the children's reaction to Fry's discipline and their emotional bond with Fry is somehow relevant to the waiver issue, other than his self-serving testimony, Fry completely failed to introduce any evidence regarding the children's emotional bonding with him. He did not request the appointment of a Guardian Ad Litem for the children, did not request independent psychological evaluations of the children, and did not subpoena school counselors or other parties who may have provided insight into the alleged emotional bond with their stepfather.
I conclude by noting that it is not uncommon for children to bond with a stepparent and a divorce in such situations is no less potentially traumatic than when biological parents divorce. However, aside from the constitutional rights of the biological parent that are implicated by stepparent visitation, I am concerned that the majority permits a stepparent to have standing based on his or her bond with a child. In situations where a child has more than one stepparent, there is at least the possibility that multiple non-parents could have visitation with the child, a situation that is not necessarily practical nor beneficial to the child.
I would affirm the trial court's finding that Caudill did not waive her superior right to raise, care for, and control her children, including refusing Fry visitation.